UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOSEPH HOUSE,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA INSTITUTION FOR MEN – CHINO,<br><br>    Respondent. | Case No. 2:17-cv-04584-VBF-KES<br><br>**ORDER SUMMARILY DISMISSING Habeas Corpus Petition With Prejudice as Untimely;**<br><br>Directing a Separate Ruling on COA; Directing Entry of a Separate Judgment; **Terminating & Closing Case (JS-6)** |

On June 15, 2017, California state prisoner Gregory Joseph House ("petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ("Petition") (Case Management / Electronic Case Filing System Document ("Doc") 1) Under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, a habeas petition filed by a person in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" As more fully explained below, the present Petition must be dismissed as untimely.

The following facts are taken from the Petition, from the Court's own records, or from public records; where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

Petitioner challenges a conviction and sentence entered on July 1, 2014. (Petition at 2.) He pled "no contest" (nolo contendere) and did not appeal. (Id.) Petitioner explains that the reason he did not appeal is "ineffective counsel", namely, "I was informed by the Public Defender [that] I had entered into a plea agreement and had waived my right to appeal. It was only recently I was advised that the sentence or re-instated sentence was unlawful, based on case law submitted as part hereof." Doc 1 (Habeas Petition) at 3 paragraph 5a.

Petitioner subsequently filed a habeas corpus petition attacking this same sentence in Los Angeles County Superior Court case no. BA426197. See Doc 1 at 4. While the instant petition does not indicate when this Superior Court petition was filed, the Los Angeles County Superior Court's online records indicate a filing date of June 6, 2017. The California Supreme Court's online records indicate that Petitioner filed an original habeas petition in that court on June 12, 2017.[1]

---

[1] Petitioner never raised assignments of error materially identical to the instant federal claims on direct appeal in the state courts, and his habeas petitions asserting these claims in the California Superior Court and California Supreme Court are still pending. On this basis, **the instant claims may be subject to dismissal for lack of exhaustion of state-court remedies.** See, e.g., Romero v. Lewis, 2010 WL 5579886, *2 (C.D. Cal. Dec. 8, 2010) ("Here, none of Petitioner's claims ha[s] been adjudicated by the California Supreme Court. His claims on direct review are still pending. Accordingly, the Petition is completely unexhausted and must be dismissed without prejudice.") (citing, inter alia, Coleman, 501 U.S. at 731).

On June 26, 2017, the Court ordered Petitioner to show cause why his federal Petition should not be dismissed as untimely. (Dkt. 3 ["OSC"].) Petitioner timely responded. (Dkt. 5.) Plaintiff claims that he was unable to file his Petition earlier because "Chino State Prison did not and does not provide a proper 'in pro per' library, forms, computers and/or method wherein the Petitioner had the 'physical' ability to prepare the appropriate appeal/writ forms[.]" (Id.) Plaintiff states that he was only able to obtain the forms required when another inmate helped him. (Id.)

**LEGAL STANDARD.** The Ninth Circuit has held that a district court has the authority to raise the statute of limitations *sua sponte* when untimeliness is obvious on the face of the Petition and to summarily dismiss a petition on that ground

---

The Court finds, however, that it is unnecessary to conduct an exhaustion analysis here. If the Court dismissed these claims for lack of exhaustion, the dismissal would be without prejudice to petitioner's right to attempt to raise these claims in the state courts and then return to federal habeas court. By contrast, the untimeliness dismissal is a conclusive, <u>with</u>-prejudice dismissal. *See, e.g., Cf. Morales v. Long*, 2013 WL 8291412, *1 (C.D. Cal. Dec. 23, 2013) (Fairbank, J.) ("[T]he petition is subject to dismissal without prejudice because petitioner has failed to carry his burden of proving that he exhausted state-court remedies. The Court further determines that the petition is subject to dismissal *with* prejudice, however, because the claim therein is not cognizable on federal habeas review."); *Cox v. California*, 2013 WL 3755956, *1 (C.D. Cal. July 16, 2013) ("The Court could dismiss this action without prejudice as entirely unexhausted. * * * In this instance, however, dismissal *with* prejudice is appropriate because exhaustion of the improper-search claim would be futile: no amendment could alter the fact that such a claim is barred by *Stone v. Powell*.") (citations omitted).

Typically, when a court is confident of a basis for dismissing an action *with* prejudice, it need not determine whether the action might also have been subject to dismissal *without* prejudice on some other ground. This Court is confident that the instant petition is inarguably facially untimely and subject to dismissal <u>with</u> prejudice on that basis. Hence, there is no need to determine whether the petition might also be subject to dismissal of a less conclusive character ("without prejudice") on some other ground.

3

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, so long as the Court affords petitioner "adequate notice and an opportunity to respond." *See Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004).

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Calderon v. U.S. Dist. Court for Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), overruled o.g. in *Calderon v. U.S. Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc). AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." *Jimenez v. Quarterman*, 555 U.S. 113, 114, 129 S. Ct. 681 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' for purposes of § 2244(d)(1)(a) on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 135, 132 S. Ct. 641 (2012). The time for seeking appellate review of the underlying conviction expired on August 30, 2014, i.e., 60 days after it was entered. *See* Cal. R. Ct. 8.308(a).

**ANALYSIS. The Petition is Untimely on its Face.**

Petitioner's conviction became final on August 30, 2014, at which point AEDPA's one-year limitations period began to run. Absent statutory or equitable tolling, that limitations period expired on August 30, 2015. Petitioner has missed his AEDPA deadline by about one year and ten months. Thus, the Petition is untimely on its face, and will be timely only if petitioner bears his burden of demonstrating that he is entitled to sufficient statutory and/or equitable tolling.

**A.   Petitioner is Not Entitled to Statutory Tolling.**

AEDPA provides for statutory tolling, as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

|   | judgment or claim is pending shall not be counted toward any period |
|---|---|
| 1 | of limitation under this subsection. |

28 U.S.C. § 2244(d)(2). Statutory tolling under provision has two components: "pendency tolling" and "gap" or "interval tolling." The Supreme Court has interpreted § 2244(d)(2) to mean that AEDPA's statute of limitations is tolled from the time the first state habeas petition is properly filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. *Carey v. Saffold*, 536 U.S. 214, 219-21, 122 S. Ct. 2134 (2002) (for purposes of statutory tolling, a California petitioner's application for collateral review remains pending during the intervals between the time a state court denies the application and the time the petitioner properly files a further petition in a higher state court); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 2000) (statute is tolled from "the time the first state habeas was filed until the California Supreme Court rejects the petitioner's final collateral challenge").

Statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed, . . . ." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cited by Bautista v. Hatton*, 2016 WL 6137405, *3-*4 (C.D. Cal. Oct. 29, 2016) (Fairbank, J.) (citing, *inter alia*, *Tinsley v. Valenzuela*, 2014 WL 11858178, *5 (C.D. Cal. May 7, 2014)).

Petitioner's first state petition was filed on June 6, 2017, after his AEDPA deadline expired. The state habeas petitions that Petitioner subsequently filed do not restart the AEDPA period. Petitioner's response to the OSC does not allege that he filed any state habeas petitions prior to August 2015. Accordingly, Petitioner is not entitled to statutory tolling, because he has not shown that he properly filed a habeas petition in a California state court prior to the AEDPA period expiring.

B. **Petitioner is Not Entitled to Equitable Tolling.**

In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. *See Holland*, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that the *Pace* standard is consistent with the Circuit's "sparing application of the doctrine of equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter*, 620 F.3d at 959 (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Consequently, equitable tolling will be justified in few cases. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Waldron-Ramsey*, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

**The burden of demonstrating that AEDPA's limitation period was sufficiently tolled rests with the petitioner.** *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010). **Petitioner's allegation that his prison does not provide "a proper 'in pro per' library" is insufficient to establish a right to equitable tolling.** *See Lara v. Neven*, 629 F. App'x 790, 792 (9th Cir. 2015) ("[N]either [petitioner's]

limited access to the law library in prison, nor his lack of advice or assistance from counsel, nor their combination so interfered with his ability to file a timely federal petition as to allow for equitable tolling."), *cert. denied*, -- U.S. --, 136 S. Ct. 1499 (2016); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (petitioner not entitled to equitable tolling based on "pro se status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions," because "these circumstances are hardly extraordinary to the vicissitudes of prison life"). Petitioner does not claim that there is a "total lack of access to any legal materials" regarding AEPDA in his prisoner's law library. *Contrast Alexander v. Schriro*, 312 F. App'x 972, 974 (9th Cir. 2009) ("We have held that a total lack of access to any legal materials regarding [AEDPA] … can justify equitable tolling.") (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (remanding for evidentiary hearing where petitioner alleged that prison library had no materials describing AEDPA) and *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (remanding for evidentiary hearing where prisoners alleged that prison library had no AEDPA materials)).

**Further, Petitioner does not show that he diligently pursued his rights, despite the inconvenience of an inadequate law library.** There is no indication that Petitioner visited the law library in the attempt to conduct research, complained to his prison regarding the library's services, or asked for additional library resources in the effort to timely file his Petition. *See US v. Zepeda*, 2017 WL 781764, *6 (C.D. Cal. Feb. 28, 2017) (Valerie Baker Fairbank, J.) (determining that habeas petitioner had not met the standard for equitable tolling of AEDPA limitations period, and listing various difficulties of prison life that typically will not justify such tolling); *Paarman v. Spearman*, 2013 WL 8291760, *2 (C.D. Cal. Nov. 4, 2013) (denying pro se prisoner's request for equitable tolling of AEDPA limitations period despite allegation of prison lockdown during relevant filing period, court faulted prisoner for his failure to even "'assert that he made any

unsuccessful requests to use the law library or provide dates on which he was denied access to the law library during this lockdown period.'") (citation omitted); *contrast Roy*, 465 F.3d at 970-71 (petitioner who (1) complained to his prison that there were insufficient legal resources to enable petitioner to file his claims; (2) filed a federal lawsuit challenging the adequacy of his prison's law library; and (3) consistently attempted to use the library but was unable to do sufficient research, demonstrated diligence in pursuing his claim).

ORDER

This action is **dismissed with prejudice as untimely** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court will issue a separate order ruling on a certificate of appealability.

The Court will issue final judgment consistent with this Order. Judgment will be issued as a separate document as required by Fed. R. Civ. P. 58(a).

The Clerk of Court **SHALL TERMINATE and close this case (JS-6)**.

Dated: August 28, 2017

*/s/ Valerie Baker Fairbank*
_____

Honorable Valerie Baker Fairbank
UNITED STATES DISTRICT JUDGE